IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARBISONWALKER INTERNATIONAL, INC., | Case No. 2:25-cv-01281-AJS |
| Plaintiff, | |
| v. | Judge Arthur J. Schwab |
| ANDREW PETERSHAGEN and PLIBRICO COMPANY, LLC, | |
| Defendants. | |

**PLAINTIFF HARBISONWALKER INTERNATIONAL INC.'S
BRIEF IN SUPPORT OF MOTION FOR CONTEMPT OF COURT ORDER
AGAINST DEFENDANT ANDREW PETERSHAGEN**

Plaintiff HarbisonWalker International, Inc. ("HWI" or the "Company") files the following Brief in Support of its Motion for Contempt of Court Order Against Defendant Andrew Petershagen (the "Motion").

## I.    INTRODUCTION

Defendant Andrew Petershagen ("Petershagen") has disregarded and failed to comply with the Court's clear directives requiring the exchange of disclosures and documents relevant to HWI's pending Motion for Preliminary Injunction. The expedited nature of these proceedings makes such noncompliance particularly disruptive. Through its Motion, HWI respectfully seeks an order holding Petershagen in contempt of this Court's Amended Scheduling Order and compelling his immediate compliance with this Court's directives.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

HWI filed its six-count Complaint (ECF 1) and Motion for Preliminary Injunction (ECF 2) on August 20, 2025. Recognizing the need for expedited proceedings, on August 22, 2025, this Court entered a Scheduling Order of Court (ECF 14) (the "Scheduling Order") requiring all

parties to exchange initial disclosures and relevant information by 4:00 PM, on September 2, 2025. Plaintiffs' counsel served the Scheduling Order on all parties by email.

On August 29, 2025, all parties to this action – including Petershagen through counsel – filed a Joint Motion for Entry of Amended Scheduling Order (ECF 31) (the "Joint Motion"). On the same day, the Court granted the motion and entered an Amended Scheduling Order of Court (ECF 32) (the "Amended Scheduling Order"). Paragraphs 4 and 5 of the Amended Scheduling Order reiterated the requirement for the parties to exchange initial disclosures and document productions: The Parties "shall exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on or before 4:00 PM, on Friday, September 5, 2025," and "shall exchange all documents/information relevant to Plaintiff's Motion [for Preliminary Injunction] and/or Defendants' Reponses on or before 4:00 PM, on Friday, September 5, 2025."

While HWI has complied with its obligations under Paragraphs 4 and 5 of the Amended Scheduling Order, Petershagen has failed to comply. Specifically, Petershagen has produced neither initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) nor *any* documents relevant to HWI's Motion for Preliminary Injunction. Concerningly, Petershagen has followed his request to be excused from participation in this case (in his Response to Motion for Preliminary Injunction and Notice of Lack of Personal Jurisdiction (ECF 33)) – which centers on his willful theft of HWI trade secrets and confidential information – with communications from counsel indicating that Petershagen intends to further violate the Scheduling Order and Amended Scheduling Order by refusing to appear in Pittsburgh, Pennsylvania for his deposition. A true and correct copy of Petershagen's counsel's email on this issue is attached to the Motion as **Exhibit A**.

### III.     LEGAL ARGUMENT

The findings necessary to support civil contempt are well established.  The Court must find only "that (1) a valid court order existed, (2) the [party] had knowledge of the order, and (3) the [party] disobeyed the order."  *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (*citing Harris v. Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995)).  A finding of willfulness is not required; good faith is not a defense to civil contempt.  *Robin Woods Inc. v. Woods,* 28 F.3d 396, 399 (3d Cir. 1994)*.*

"District courts hearing civil contempt proceedings are afforded broad discretion to fashion a sanction that will achieve full remedial relief."  *John T.*, 318 F.3d at 554 (*citing McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191-92 (1949)).  The monetary remedies appropriate to address contemptuous conduct includes awarding attorneys' fees to a moving party aggrieved by the contempt.  *See CBS Inc. v. Pa. Record Outlet, Inc.*, 598 F. Supp. 1549, 1557 (W.D. Pa. 1984) ("With respect to compensatory or remedial damages, in appropriate cases, the Court may award not only award damages and costs, but reasonable attorneys' fees 'necessary to secure the contemnor's compliance with the court's order.'" (citation omitted)).  Such relief is compensatory in nature and intended to make the moving party whole.  *See Olsen v. J.W. Didado Elec., LLC*, 1:18-cv-292-SPB, 2020 WL 12631726, at *5 (W.D. Pa. Aug. 26, 2020) (finding that an award of attorneys' fees is appropriate for civil contempt).

Each of the elements necessary to support a finding of contempt are present here.  First, a valid and binding court order exists in the form of the Amended Scheduling Order entered on August 29, 2025.  Second, Petershagen had knowledge of the Amended Scheduling Order (and the Scheduling Order before it), as the Joint Motion was submitted by all parties and bears the electronic signature of Andrew J. Horowitz of Obermayer Rebmann Maxwell & Hippel LLP, as

counsel for Andrew Petershagen. Third, Petershagen disobeyed the Amended Scheduling Order by failing to serve Rule 26(a)(1) initial disclosures and by failing to produce a single document. Accordingly, HWI has demonstrated that each element of civil contempt is satisfied.

Having demonstrated the existence of contempt, HWI seeks an Order against Petershagen (i) holding him in contempt of the Court's Amended Scheduling Order, (ii) compelling Petershagen to comply with the order and (iii) requiring Petershagen to reimburse HWI for its fees incurred to file this Motion. Petershagen's disregard for the obligations imposed on him by the Amended Scheduling Order hinders HWI in its pursuit of the preliminary relief it has requested from the Court to prevent irreparable commercial injury. This is particularly true in light of the surreptitious nature of Petershagen's conduct undertaken as an employee. To remedy this injury, the Court must order compliance with its order – along with any monetary penalty it deems appropriate to ensure future compliance with court orders – and require Petershagen to reimburse HWI for its attorneys' fees and costs it has been forced to incur as a result of Petershagen's contempt.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff HarbisonWalker International, Inc. respectfully requests that the Court enter an order holding Defendant Andrew Petershagen in contempt and requiring Petershagen to comply with the Amended Scheduling Order by immediately producing all documents/information relevant to Plaintiff's Motion for Preliminary Injunction and serving disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Further, HWI seeks an order requiring Petershagen to reimburse HWI's counsel for the reasonable attorneys' fees incurred in filing and pursuing this Motion, which fees HWI's counsel will submit separately to the Court upon request. Finally, HWI seeks all such other relief this Court deems appropriate to remedy Petershagen's contempt and ensure compliance with future orders of this

-5-

Court.

        Respectfully submitted,

        DENTONS COHEN & GRIGSBY P.C.

        By: */s/ Fridrikh V. Shrayber*
            Fridrikh V. Shrayber
            (Pa. Id. No. 208083)
            Marcus B. Schneider
            (Pa. Id. No. 208421)

        625 Liberty Avenue
        Pittsburgh, PA  15222-3152
        Phone:  (412) 297-4900
        Fax:     (412) 209-1975
        Email:  fred.shrayber@dentons.com
                 marcus.schneider@dentons.com

Dated: September 7, 2025        *Counsel for Plaintiff,*
5350031        *HarbisonWalker International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2025, I electronically filed the foregoing **PLAINTIFF HARBISONWALKER INTERNATIONAL INC.'S BRIEF IN SUPPORT OF MOTION FOR CONTEMPT OF COURT ORDER AGAINST DEFENDANT ANDREW PETERSHAGEN** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record. I hereby certify that I have e-mailed the document to the following non-CM/ECF participants:

Matheiu J. Shapiro
Andrew J. Horowitz
D. McArdle Booker
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219
mathieu.shapiro@obermayer.com
andrew.horowitz@obermayer.com
mcardle.booker@obermayer.com

*Counsel for Andrew Petershagen*

                                                    /s/ Fridrikh V. Shrayber