IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARBISONWALKER INTERNATIONAL, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ANDREW PETERSHAGEN and PLIBRICO COMPANY, LLC, <br><br> *Defendants*. | Civil Action No. 25-1281 |

### ANDREW PETERSHAGEN'S RESPONSE TO MOTION FOR CONTEMPT

Pursuant to this Court's September 8, 2025 Tex Order (ECF 41), Defendant Andrew Petershagen responds to Plaintiff's Motion for Contempt.

The first element of contempt is the existence of a valid court order. *Berne Corp. v. Gov't of the Virgin Islands*, 570 F.3d 130, 139 (3d Cir. 2009). HarbisonWalker International, Inc. ("Harbison") breezes past this requirement with a conclusory statement, but, as set forth in Petershagen's Response to Motion for Preliminary Injunction and Notice of Lack of Personal Jurisdiction, this Court lacks personal jurisdiction over Petershagen—and, therefore, no valid orders exist as to him, precluding any finding of contempt.

While it recites this first element, Harbison does not bother to address whether this Court has personal jurisdiction over Petershagen. Its Motion for Contempt provides no additional facts, instead simply reciting that "a valid and binding order exists." The heavy burden of contempt must be proven by the moving party by "clear and convincing" evidence and ambiguities must be resolved in favor of the party charged with contempt. *John T. ex rel. Paul T. v. Delaware County*

*Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). Harbison has not met this burden and its motion should be denied.

Harbison also states that "good faith is not a defense to civil contempt," which is true, but ignores that "a present inability to comply with the order in question" will result in contempt not being applied. *U.S. v. Ryder*, 460 U.S. 752, 757 (1983). Here, the "contempt" Harbison complains of is failure to provide Rule 26(a)(1) disclosures. But these disclosures are such things as the names and contact information of witnesses a party intends to call at trial and documents a party intends to present. F.R.Civ.P. 26(a)(1). As Petershagen has repeatedly explained both to the Court and counsel, he does not have the ability to present a defense, nor is he required to as this court lacks personal jurisdiction over him. There is nothing to provide.

Harbison goes on to indicate that a failure to appear in Pittsburgh to be deposed would constitute further contempt. But Petershagen is a single father of four who lives in Texas and is now unemployed. Because this court lacks personal jurisdiction, he is not required to appear, but more importantly, he is not able to appear. Petershagen is not a lawyer or a corporate representative, but an individual with no job and a family to support, who would have to pay his own way. This is simply not possible, and certainly not reasonable.

To be clear, Petershagen would prefer to litigate personal jurisdiction in this Court, thereby preserving other defenses. But, as previously stated, his personal circumstances are such that he simply cannot do so. Rather, he is compelled by those circumstances to take the admittedly high-risk option of not participating in this litigation, with the intention of arguing in Texas, in the future, and if necessary, that this Court lacked personal jurisdiction.

Petershagen does not take his inability to comply with court orders or participate in litigation lightly, or from any lack of respect for this Court, but rather, of necessity.

And, Petershagen has been open and direct with the Court about his circumstances. On Friday, September 5, 2025, Petershagen wrote in his response:

> He respects this Court and its orders. But he cannot afford to litigate in a forum that has no jurisdiction over him, especially where he poses no threat of irreparable harm, has no employment, and has four children to support and raise on his own. In short, Petershagen has no ability—financial and otherwise—to appear in Pittsburgh next week for a deposition, nor the following week for a mediation and hearing.
> If Plibrico and Harbison are not able to resolve this matter, Petershagen will face an uncomfortable and untenable situation: he (and his counsel) have great respect for this Court and he has no intention (or ability) to harm Harbison, let alone to cause immediate and irreparable harm, but he cannot afford the time, money or resources to appear and litigate in Pennsylvania, which does not have personal jurisdiction over him, in any event. Neither he nor counsel have identified a solution to this dilemma.

Because the parties remained unable to settle, Petershagen settled on a solution: he was prepared to fire Obermayer. Obermayer would likely already have filed a motion to withdraw, explaining that it is fired and unauthorized to undertake any further work, but for this Court's Saturday Order, requiring a zoom mediation today.

Following this Court's Saturday Order, Petershagen and Obermayer thought it better to participate in the zoom mediation, in hopes of resolving the case and avoiding the high-risk option Petershagen had otherwise felt compelled to follow—and they still intend to do so. But, if the mediation fails, Obermayer will then file its motion to withdraw.

As noted in Petershagen's Response, he "is being sued in a forum that has no jurisdiction over him, under a contract that contains overbroad and unenforceable noncompete provisions, and based on conduct that occurred entirely in Texas. . . . The Court should not permit Harbison to use the machinery of litigation to extract from Petershagen what it could not obtain through contract or law."

Harbison's Motion for Sanctions is another attempt to use the machinery of litigation to exert pressure on Petershagen, so that he will be compelled to agree to a settlement that includes overbroad and unenforceable provisions.  It should be denied, in general, but, more specifically, should be denied absent some showing of personal jurisdiction over Petershagen, as well as that Petershagen is able to meaningfully comply with the Court's Order.

Dated: September 8, 2025

Respectfully Submitted,

By: /s/ D. McArdle Booker
Mathieu J. Shapiro
Pa. ID No. 76266
Andrew J. Horowitz
Pa. ID No. 311949
D. McArdle Booker
Pa. ID No. 320890
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
412-566-1500
412-281-1530 (f)
mathieu.shapiro@obermayer.com
andrew.horowitz@obermayer.com
mcardle.booker@obermayer.com

*Counsel for Andrew Petershagen*

**CERTIFICATE OF SERVICE**

  D. McArdle Booker, an attorney, hereby certifies that he caused the foregoing **Response to Motion for Contempt** in the above-captioned matter to be served on the parties of record and others listed below on this 8th day of September, 2025, by operation of the Court's electronic filing system to all counsel.

                     /s/ D. McArdle Booker